

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00001-CR

CHRISTIAN JOHN LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18808-1105, Honorable Edward Lee Self, Presiding

November 14, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Christian John Lopez appeals his jury conviction for the state jail felony offense of criminal mischief[1] and the resulting suspended sentence of two years of imprisonment in a state jail facility. Through one issue, appellant contends the trial court erred in excluding impeachment evidence. We will affirm.

---

[1] Tex. Penal Code Ann. § 28.03 (West Supp. 2013).

Background

Because the appeal does not challenge the sufficiency of the evidence supporting conviction, we relate only those facts necessary to an understanding of appellant's issue. Appellant was indicted for intentionally or knowingly damaging a Chevrolet Lumina by shooting at the car with an air pistol, without the consent of its owner. The complainant, Michael Landeros, called police to report shots had been fired at his vehicle while it was parked at an address in Plainview. The responding officer took photographs of the damage.

Evidence showed that Landeros and appellant both had dated a young woman named Ashley Najera. Landeros testified he took Najera to her home in the early morning hours and appellant shot at his car with a BB handgun.

Najera testified as a witness for appellant. She said she was near the car and ran inside when the shooting started. She did not see who the shooter was. She further testified she found appellant asleep inside her home. Her mother also testified appellant had been inside their home since about 10:30 that evening.

Appellant, in his testimony, denied the shooting and told the jury the only gun he owned was a BB rifle.

There was other evidence of tensions among appellant, Landeros and Najera, including evidence of a protective order prohibiting Landeros from contacting Najera. During her testimony, appellant asked Najera, "Has Mr. Landeros ever asked you to lie for him?" She said, "Yes." Appellant then asked, "What was that about?" The State

then objected, raising objections of relevance and "improper impeachment." The court sustained the objection. Appellant moved on to another topic.

The jury found appellant guilty as charged in the indictment and punishment was assessed as noted. This appeal followed.

Analysis

In his sole issue on appeal, appellant argues the trial court reversibly erred when it sustained the State's objection to his question of Najera, which, appellant argues, was for the purpose of impeaching Landeros by showing his history of lying.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion if its determination "lies outside the zone of reasonable disagreement." *Martinez*, 327 S.W.3d at 736; *Montgomery v. State,* 810 S.W.2d 372, 379 (Tex. Crim. App. 1991) (op. on rehearing).

The State contends appellant's issue was not preserved for review. We must agree.

The Court of Criminal Appeals has ruled that error in the exclusion of evidence may not be raised on appeal unless the proponent of the evidence perfected an offer of proof or a bill of exceptions at trial. *Guidry v. State,* 9 S.W.3d 133, 153 (Tex. Crim. App. 1999), *citing Green v. State*, 840 S.W.2d 394, 407 (Tex. Crim. App. 1992). As the record in this case is presented to us, it gives us no way of knowing how Najera would

3

have responded to appellant's question, thus we do not know what testimony the trial court excluded.  Without a showing of what the testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for our review.  *Guidry,* 9 S.W.3d at 153, *citing Stewart v. State,* 686 S.W.2d 118 (Tex. Crim. App. 1984).  Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.